UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

FELIX HERNANDEZ,

                          Plaintiff,

              -against-

THE CITY OF NEW YORK, DETECTIVE JEROME BURNS, Shield No. 7971, Individually and in his Official Capacity, UNDER COVER POLICE OFFICER #C0243, Individually and in his Official Capacity, UNDER COVER POLICE OFFICER #C0206, Individually and in his Official Capacity, and Police Officers "JOHN DOE" 1-2, Individually and in their Official Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                          Defendants.
---------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, FELIX HERNANDEZ, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

1

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, FELIX HERNANDEZ, is, and has been, at all relevant times, a resident of the City and State of New Jersey

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about December 6, 2013, at approximately 6:40 p.m., plaintiff FELIX HERNANDEZ, was lawfully present in the vicinity of 55 East 102nd Street in the County and State of New York.

14. At that time and place, one of the defendant officers approached the plaintiff, grabbed him, and threw him against a fence.

15. Multiple defendant officers then began to strike plaintiff about the legs, arms, body, and head.

16. The defendant officers handcuffed plaintiff's arms tightly behind his back, pushed him to the ground, and continued to strike him about the head, face, and body.

17. Defendants' conduct caused plaintiff to suffer physical injury including a chipped tooth, and lacerations to his neck and face as well as bruises throughout his body.

18. At no time on December 6, 2013 did plaintiff commit any crime or violation of law.

19. At no time on December 6, 2013 did defendants possess probable cause to arrest plaintiff.

20. At no time on December 6, 2013 did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21. The force employed by the defendants was objectively unreasonable as plaintiff did not pose any physical threat to them, any other person, or any property, nor did he resist arrest in any way.

22. Defendants thereafter transported plaintiff to a nearby police precinct.

23. In connection with plaintiff's arrest, the defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the New York County District Attorney's Office.

24. As a result of the defendants' conduct, the plaintiff was charged with one count of Obstructing Governmental Administration.

25. As a direct result of his unlawful arrest and the unlawful acts of the defendants, plaintiff spent approximately thirty hours in custody.

26. Despite defendants' actions, the charge against plaintiff was dismissed in its entirety on February 13, 2014.

27. As a result of the foregoing, plaintiff FELIX HERNANDEZ sustained, *inter alia*, physical injury, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

28. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff, FELIX HERNANDEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision

of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

34. As a result of the defendants' conduct, plaintiff was subjected to illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined without any probable cause, privilege, or consent.

35. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CLAIM FOR RELIEF FOR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

37. Defendants misrepresented and falsified evidence before the New York County District Attorney.

38. Defendants did not make a complete and full statement of facts to the District Attorney.

39. Defendants withheld exculpatory evidence from the District Attorney.

40. Defendants were directly and actively involved in the initiation of criminal

proceedings against plaintiff, FELIX HERNANDEZ.

41. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, FELIX HERNANDEZ.

42. Defendants acted with malice in initiating criminal proceedings against plaintiff, FELIX HERNANDEZ.

43. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, FELIX HERNANDEZ.

44. Defendants lacked probable cause to continue criminal proceedings against plaintiff, FELIX HERNANDEZ.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about February 13, 2014 when the charges against him were dismissed.

47. As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

### THIRD CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

48. Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

49. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

50. As a result of the foregoing, plaintiff, FELIX HERNANDEZ, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

51. Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

52. Defendants arrested and incarcerated plaintiff, FELIX HERNANDEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety, and violate his constitutional rights.

53. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

55. Those customs, policies, patterns, and practices include, but are not limited to:

   i. requiring officers to make a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   ii. requiring precincts to record a predetermined number of arrests and/or issue a predetermined number of summonses within a predetermined time frame;

   iii. failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    iv.    failing to properly train police officers in the requirements of the United States Constitution.

56. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics;

    ii.    arresting individuals regardless of probable cause in order to inflate precinct-wide statistics;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct.

57. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, FELIX HERNANDEZ.

58. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

60. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiff was incarcerated unlawfully.

61. Defendants, collectively and individually, while acting under color of state law, were

directly and actively involved in violating the constitutional rights of plaintiff.

62.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

63.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure.

## PENDANT STATE CLAIMS

64.     Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

65.     On or about January 9, 2014, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

66.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

67.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General Municipal Law § 50-h on March 10, 2014.

68.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

69.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

70.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## SIXTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

71. Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

72. At the aforesaid place and time, the individually named defendants did cause plaintiff, FELIX HERNANDEZ, to be unlawfully assaulted and battered, without cause or provocation.

73. The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

74. As a result of the aforesaid assault and battery, plaintiff, FELIX HERNANDEZ, was injured, both physically and mentally.

## SEVENTH CLAIM FOR RELIEF
## FOR FALSE ARREST AND IMPRISONMENT UNDER NEW YORK LAW

75. Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

76. As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined without probable cause, privilege or consent.

77. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

78. As a result of the foregoing plaintiff, FELIX HERNANDEZ, was caused to sustain physical and emotional injuries.

### EIGHTH CLAIM FOR RELIEF
### FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS PROSECUTION

79. Plaintiff, FELIX HERNANDEZ, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

80. Defendants misrepresented and falsified evidence before the New York County District Attorney.

81. Defendants did not make a complete and full statement of facts to the District Attorney.

82. Defendants withheld exculpatory evidence from the District Attorney.

83. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff, FELIX HERNANDEZ.

84. Defendants lacked probable cause to initiate criminal proceedings against plaintiff, FELIX HERNANDEZ.

85. Defendants acted with malice in initiating criminal proceedings against plaintiff, FELIX HERNANDEZ.

86. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff, FELIX HERNANDEZ.

87. Defendants lacked probable cause to continue criminal proceedings against plaintiff, FELIX HERNANDEZ.

88. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

89. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff's favor on or about February 13, 2014 when the charges

against him were dismissed.

90.  As a result of the foregoing, plaintiff's liberty was restricted, he was put in fear for his safety, he was humiliated, and his constitutional rights were violated.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.  an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii.  reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       May 2, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:  MATTHEW SHROYER (MS-6041)
     80 Maiden Lane, 12th Floor
     New York, New York 10038
     (212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

---

FELIX HERNANDEZ,

                             Plaintiff

  -against-

THE CITY OF NEW YORK, DETECTIVE JEROME BURNS, SHIELD NO. 7971, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, UNDER COVER POLICE OFFICER #C02006, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AND POLICE OFFICERS "JOHN DOE" 1-2, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, THE NAMES "JOHN DOE" BEING FICTITIOUS AS THE TRUE NAMES ARE NOT PRESENTLY KNOWN,

                             Defendants.

---

## SUMMONS AND COMPLAINT

---

### LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
80 Maiden Lane, 12th Floor
New York, New York 10038
(212) 962-1020

---

TO:    City of New York
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        Detective Jerome Burns, Shield No. 7971-Narcotic Borough of Manhattan North
        c/o New York City Police Department
        One Police Plaza
        New York, New York 10038

        Undercover Police Officer #C0243-Narcotic Borough of Manhattan North
        c/o New York City Police Department
        c/o New York City Police Department
        One Police Plaza
        New York, New York 10038

        Undercover Police Officer #C0206-Narcotic Borough of Manhattan North
        c/o New York City Police Department
        One Police Plaza
        New York, New York 10038

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                                                                 Matthew Shroyer